**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

In re:  Yoel M. Bacallao                                       Case no. 21-00938-JAW
                                                               Chapter 11

      Debtor-in-Possession

**FINAL ORDER CONFIRMING DEBTOR'S**
**PLAN OF REORGANIZATION**

      This matter came before the Court on November 16, 2021, for a hearing on confirmation of the Debtor's first modified plan of reorganization [Dkt. # 110] (hereinafter referred to as the Plan) filed herein by Yoel M. Bacallao, (hereinafter referred to as the Debtor), and the Court, having fully reviewed this matter, having received oral and documentary evidence, and being otherwise fully advised in the premises, does hereby order and adjudicate as follows, to-wit:

      1.      The Plan and Notice of the Hearing on confirmation of the Plan were duly noticed to the holders of claims and to all creditors and parties in interest in accord with the applicable provisions of the Bankruptcy Code.

      2.      The classification of claims in the Plan is based upon a substantial similarity of all claims in each class, is reasonable, was made in good faith, and was not made for the purpose of affecting the vote in such class or for any improper purpose.

3. The solicitation for acceptances of the Plan was conducted in good faith and in a thorough manner, pursuant to this Court's prior order, was made to all creditors, gave all such creditors a fair and adequate opportunity to accept the Plan and was in compliance with 11 U.S.C. § 1129. The Plan contains adequate information to allow creditors to make an informed decision for voting purposes and fully complies with 11 U.S.C. § 1190.

4. The credible evidence embraced all of the facts relevant to the Plan and addressed all of the prerequisites to confirmation imposed by 11 U.S.C. § 1129 and § 1191.

5. The Plan complies with the applicable provisions of 11 U.S.C. § 1129 and 11 U.S.C. § 1190 in that:

(a) The Plan complies with all applicable provisions of Title 11, United States Code;

(b) The proponent has complied with all applicable provisions of Title 11, United States Code;

(c) The Plan has been proposed in good faith and not by any means forbidden by law;

(d) All payments to be made by the Debtor or any other party provided for in 11 U.S.C. § 1129(a)(4) for services, or for costs and expenses and/or in connection with this case either have been approved, or are subject to the approval, by this Court as reasonable;

(e) The proponent has disclosed the identity of any insiders who would be employed or retained by the Debtor and their compensation;

(f) Each holder of an impaired claim would received under the Plan on account of such claim, property of a value that is not less than the amount

     each holder would receive if the Debtor was liquidated under Chapter 7 of Title 11, United States Code;

(g) All allowed expenses of administration, unless deferred or waived, will be paid in cash upon the effective date (ninety (90) days after this order becomes final and non-appealable) of the Plan, under the Plan when due, or as allowed and directed by any subsequent order of this Court and/or this order of confirmation;

(h) The Plan does not discriminate unfairly among creditors or classes, and the designation of classes under the Plan is reasonable, based upon the fact each claim in any class of the Plan is substantially similar; and

(i) The Plan is feasible and is based on the valid business judgment of the Debtor, and confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Debtor, other than that specified in the Plan itself.

6. All voting classes voted by the requisite number and amount to accept the Plan, except Classes 5, 6 and 8 which did not vote. The only objection to the Plan was filed by the Subchapter V trustee and it has been resolved by agreement of the parties.

7. The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the First Modified Plan [Dkt. # 110] is hereby confirmed including the non-material modification [Dkt. # 136] addressing the secured claim of Nationstar Mortgage, LLC, d/b/a Mr. Cooper and the effective date thereof is ninety (90) days from the date hereof.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any modifications of this Plan must comply with 11 U.S.C § 1193.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions of the Plan, as confirmed, and this Order shall bind the Debtor, and each and every creditor, whether or not the claim is impaired under the Plan or whether or not the holder of the claim has accepted the Plan.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that as of the date hereof all of the property of the Debtor shall be free and clear of all claims and interest of creditors of the Debtor, except for the obligations that are imposed or continued in the Plan or in this Order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all claims recoverable under 11 U.S.C . § 547, 548 and 550, and all of the claims owed to or in favor of the Debtor that are not settled pursuant to the Plan, not specifically waived, or not specifically settled pursuant to an agreement referred to and incorporated therein or an order of this Court, are preserved and retained for enforcement by the post-confirmation and reorganized Debtor, as the interest may appear, subsequent to the effective date of the Plan, including, but not limited to, any pending adversary proceedings initiated or to be initiated by the Debtor.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that distributions to creditors under the Plan shall be made pursuant to the Plan and include payment of projected disposable income of approximately $500.00 a month to unsecured creditors as defined in Article I, Section 10 of the Plan and in order of the priorities specified in Article IV of the Plan which projected disposable income is based on the monthly reports on file for the last six months and which may be distributed semi-annually or annually or other time period in the discretion of the Debtor.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any individuals and entities holding claims in all classes of the Plan or otherwise who held claims secured by property of the Debtor or liens against property of the Debtor are hereby directed to cooperate with the proponent in implementing the terms of the Plan and, in connection therewith, to sign all documents required that the Debtor may reasonably need in implementing the terms of the confirmed Plan.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any judgment or non-consensual lien at any time obtained or filed is void to the extent that the judgment or lien is a determination of any liability of the Debtor except as provided in the Plan, and the commencement or continuation of any action, the employment or process, or any act to collect, recover or offset any such judgment or lien is enjoined.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all individuals and entities seeking, pursuant to 11 U.S.C. §§ 503(b) or 546(c)(2), payment of accounts, debts, fees or reimbursement of expenses from the Debtor shall make application to the Court for an award of payment of such claims within sixty (60) days from the date of this Order, or same shall be forever barred.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any objection to the allowability of a claim and/or for any rejection damages shall be filed within sixty (60) days of the date of this order or same shall be forever barred.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court shall retain jurisdiction of this case as provided under the Plan including, without limitation, jurisdiction over all disputes arising out of the Plan.  In addition, the Court shall retain jurisdiction for the administration and adjudication of objections to claims and the allowance of claims during the

course of the Chapter 11 proceeding, including and any all claims against the Debtor that arose prior to and during the course of this Chapter 11 case in accordance with the terms and provisions of the Plan and this order confirming the Plan.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Craig M. Geno shall continue to serve as the Subchapter V trustee for 180 days following the date this order is entered of record.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the foregoing constitutes findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure. This is a final judgment in a core proceeding pursuant to 28 U.S.C. § 157 and the applicable Federal Rules of Bankruptcy Procedure.

SO ORDERED, ADJUDGED AND DECREED.

##END OF ORDER##

APPROVED FOR ENTRY:

*/s/ R. Michael Bolen*
R. MICHAEL BOLEN
MSB # 3615
HOOD & BOLEN, PLLC
ATTORNEYS AT LAW
3770 HWY. 80 WEST
JACKSON, MISSISSIPPI 39209
(601)923-0788
rmb@hoodbolen.com

*/s/ Craig M. Geno*
Craig M. Geno, Esq.
MSB # 4793
Law Offices of Craig M. Geno, PLLC
Attorneys at Law
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
(601) 427-0048
cmgeno@cmgenolaw.com
*Sub-Chapter V Trustee*